UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE WHITCOMB,<br><br>    Plaintiff,<br><br>v.<br><br>JASON MONTOYA, et al.,<br><br>    Defendants. | Case No.19-cv-00520-JSC<br><br>**SCREENING ORDER**<br>Re: Dkt. Nos. 2, 3 |

Defendants Jason and Carol Montoya, proceeding pro se and *in forma pauperis*, removed this unlawful detainer action to federal court. Defendants invoke federal subject matter jurisdiction under 28 U.S.C. § 1441. As an initial matter, two applications to proceed in forma pauperis were filed with Defendants' Notice of Removal. (Dkt. Nos. 2 & 3.) Although both applications state that they are submitted by Jason Montoya, the information in the applications is different and the signatures are not the same. Accordingly, the applications to proceed *in forma pauperis* are DENIED without prejudice to renewal.

In addition, the Court ORDERS Defendants to show cause as to why this case should not be remanded to the Contra Costa County Superior Court for lack of subject matter jurisdiction. A defendant may remove an action from state court to federal court so long as the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity of citizenship and an amount in controversy in excess of $75,000. Federal subject matter jurisdiction under 28 U.S.C. § 1331 requires a civil

action to arise under the constitution, laws, or treaties of the United States. A claim "arises under" federal law only if a "well-pleaded complaint" alleges a cause of action based on federal law—"an actual or anticipated defense" does not confer federal jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). The defendant seeking removal "bears the burden of establishing that removal is proper" and the "removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.,* 582 F.3d 1083, 1087 (9th Cir. 2009). Further, when a case is removed to federal court, the court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction. *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004). A case removed to federal court must be remanded back to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Here, Defendants base removal on federal question jurisdiction. Despite Defendants' argument to the contrary, the removed complaint makes only a state-law claim for unlawful detainer. (*Compare* Dkt. No. 1 at ¶ 5 *with* Dkt. No. 1 at 5.) Defendants' additional contention that federal question jurisdiction exists because the demurrer "depend[s] on the determination of Defendant's rights and Plaintiff's duties under federal law" is unavailing. (Dkt. No. 1 at ¶ 10.) "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense[.]"). Nor does it appear that the amount in controversy meets the jurisdictional threshold of $75,000.00 for diversity jurisdiction. 28 U.S.C. §§ 1441(b) & 1332(a); *see also* Dkt. No. 1 at 6 (stating that the amount demanded does not exceed $10,000).

In light of the foregoing, the Court ORDERS Defendants to SHOW CAUSE as to why this action should not be remanded to state court. Defendants shall respond to this Order in writing by **February 20, 2019**. Defendants shall also submit renewed applications to proceed in forma pauperis or pay the filing fee by **February 20, 2019**. If Defendants fail to respond or their response fails to establish a basis for federal subject matter jurisdiction, the Court will prepare a report and recommendation recommending that a district judge remand the action to the Contra

Costa County Superior Court.

**IT IS SO ORDERED.**

Dated: January 30, 2019

                                              JACQUELINE SCOTT CORLEY
                                              United States Magistrate Judge